OPINION OF THE COURT
Herman Cahn, J.
The within action is brought to foreclose on a purchase-money mortgage on a building located at 59-65 Liberty Street, New York, New York.
On August 15, 1985, defendant Wall Street Buildings, Ltd., a California limited partnership, purchased the above-mentioned premises from plaintiff. As part of the purchase price, the purchaser executed and delivered to plaintiff a purchase-money note and mortgage both dated August 15, 1985. The *36 note indicated that the purchaser was indebted to the plaintiff in the original principal amount of $4,700,000 payable as herein provided. The mortgage was duly recorded.
The purchaser defaulted in making any of the payments due under the mortgage note, and the seller thereupon exercised its option to require the entire principal sum and accrued interest to be deemed immediately payable. When such sums were not paid the within action followed.
Defendant Wall Street Buildings, Ltd. interposed an answer. Said answer contained denials of knowledge of information sufficient to form a belief as to the truth of motion of the allegations of the complaint. Said answer also contained several affirmative defenses.
The first affirmative defense stated that the purchaser is a limited partnership organized under the laws of California. The affirmative defense further recited that by order of the California Superior Court for the County of Los Angeles, dated January 14, 1987 a Receiver was confirmed as Receiver of the property of said limited partnership and further that the California Superior Court issued a preliminary injunction which specifically enjoins any creditors from commencing or continuing any foreclosure proceeding. Plaintiff asserts that as respected as it undoubtedly is, the California Superior Court has no jurisdiction for authority over parties who are not present, or domiciled in the State of California and not before it. Plaintiff’s position is correct.
The court has found no cases, nor have any cases been cited to it, which would permit the court of a sister State to enjoin the foreclosure of a mortgage in this State, where the parties are not within the jurisdiction of said sister State court. Defendant Wall Street Buildings, Ltd. has not shown that the plaintiff has in any way subjected itself to the jurisdiction of the California Superior Court. The mere fact that in connection with another obligation given to plaintiff, plaintiff brought an action in the California Superior Court, does not confer jurisdiction upon said court as to this action. Therefore, the first affirmative defense contained in the answer of the defendant Wall Street Buildings, Ltd. is stricken.
The second affirmative defense contained in said answer states that although the stay imposed on those proceedings by the New York State Bankruptcy Court has expired, a notice of appeal of said order is now pending with the United States Bankruptcy Appeals Panel of the Ninth Circuit. However, said *37 notice of appeal does not in itself constitute a stay which would require this action to be held in abeyance. Therefore, said second affirmative defense is also stricken.
Plaintiffs motion is granted as to the application to strike the answer of the City of New York, without opposition.
The motion is granted in its entirety.